**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FEB 7 2002**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GABRIEL AGUIRRE,

    Defendant - Appellant.

No. 01-3218
(D.C. Nos. 01-CV-3204-RDR,
89-CR-40016-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

Mr. Aguirre, a federal inmate appearing pro se, seeks to appeal from the

denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by a

person in federal custody. Because Mr. Aguirre has failed to make "a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny

his application for a certificate of appealability ("COA") and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Slack v. McDaniel , 529 U.S. 473, 483 (2000).

Mr. Aguirre is presently serving a 360-month federal sentence (New Mexico federal sentence) on various drug charges. See United States v. Rodriguez-Aguirre, 108 F.3d 1228, 1232-33 (10th Cir. 1997) (affirming on direct appeal). He contends that he should receive credit based upon a previously imposed federal sentence (Kansas federal sentence) for conspiracy to distribute marijuana and a telephone count, 21 U.S.C. §§ 846, 841(a), 843(b). See United States v. Armendariz, 922 F.2d 602, 605 (10th Cir. 1990) (affirming on direct appeal). Mr. Aguirre was sentenced to 48 months and two years supervised release on the Kansas conviction. He served the 48 months, but it appears that he may not have completed the two years of supervised release. Mr. Aguirre characterizes his issue on appeal as whether the maximum statutory sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), is the statutory maximum under the Federal Sentencing Guidelines. Aplt. Br. (A-15) at 3, 7a.

Even assuming that Mr. Aguirre was in custody on the Kansas federal sentence because it was not completed, see Garlotte v. Fordice, 515 U.S. 39, 45-46 (1995), Mr. Aguirre has no Apprendi claim for at least two reasons.[1] First, Apprendi is not retroactive on collateral review under Teague v. Lane. 489 U.S.

---

[1] The government does not argue on appeal that any Apprendi claim would be procedurally barred.

288, 307 (1989). See Daniels v. United States, 254 F.3d 1180, 1193 n.7 (10th Cir. 2001) (en banc) (in the context of second and successive petitions under § 2255 para. 8, reserving issue of whether Apprendi meets the second Teague exception); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (Apprendi not retroactive on collateral review; initial § 2255 motion); Jarrett v. United States, 266 F.3d 789, 791 (8th Cir. 2001) (same); Dukes v. United States, 255 F.3d 912, 913-14 (8th Cir. 2001) (same); United States v. Moss, 252 F.3d 993, 997-1000 (8th Cir. 2001) (same), cert. denied, 2002 WL 13705 (Jan. 7, 2002); United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir.) (same), cert. denied, 122 S. Ct. 573 (2001); Jones v. Smith, 231 F.3d 1227, 1236-1238 (9th Cir. 2000) (Apprendi not retroactive on collateral review; initial §2254 petition). Second, Mr. Aguirre's sentence of 48 months and two years supervised release is within the statutory range for unspecified quantities of marijuana, i.e. 5 years and two years of supervised release. See 21 U.S.C. § 841(b)(1)(D); United States v. Cernobyl, 255 F.3d 1215, 1220 (10th Cir. 2001); United States v. Keeling, 235 F.3d 533, 537 (10th Cir. 2000), cert. denied, 121 S. Ct. 2575 (2001).

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -