**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 18 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES,

       Plaintiff - Appellee,

v.

TEDDY LEROY BAILEY,

       Defendant - Appellant.

No. 00-6268

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 00-CV-565-R, 97-CR-28-R)**

Michael A. Rotker, Attorney, United States Department of Justice, Washington, D.C., (Robert G. McCampbell, United States Attorney, M. Jay Farber, Assistant United States Attorney, with him on the briefs) for Plaintiff-Appellee.

Chris Eulberg, Oklahoma City, Oklahoma, for Defendant-Appellant.

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **ROGERS**, Senior District Judge.[*]

**LUCERO**, Circuit Judge.

    In <u>Apprendi v. New Jersey</u>, the Supreme Court announced a new rule of

---

[*] The Honorable Richard D. Rogers of the District of Kansas sitting by designation.

constitutional law: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Appellant Teddy Leroy Bailey, for the first time on appeal from the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, raises a claim under Apprendi. He neither objected to nor directly appealed the trial court's Apprendi error, however, and consequently he may not obtain collateral relief unless he demonstrates "cause" excusing his procedural default and "actual prejudice" resulting from the error. See United States v. Frady, 456 U.S. 152, 168 (1982). We conclude appellant falls short of demonstrating actual prejudice and dismiss his appeal.

# I

Bailey was convicted in 1997 of one count of conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. § 846, three counts of possession with intent to distribute methamphetamine, id. § 841(a)(1), two counts of distribution of methamphetamine, id., and three counts of money laundering, 18 U.S.C. §§ 1956(a)(1)(B)(i), 1957. The district court failed to submit the quantity of drugs attributable to Bailey for the jury's determination. Bailey did not object to the instructions on this basis. During sentencing, the district court proceeded to attribute to him possession of thirty-three pounds of methamphetamine and

sentenced him accordingly. Bailey was sentenced to serve 286 months in prison for the drug convictions; 240 months for two of the money laundering convictions; and 120 months for the final money laundering conviction, all of these terms to run concurrently.

Bailey did not appeal the district court's failure to submit the drug quantity question to the jury. Instead, he challenged various evidentiary rulings as well as the sufficiency of the evidence supporting the district court's drug type and quantity findings. On November 20, 1998, this Court affirmed Bailey's convictions and sentences, United States v. Baker, Nos. 97-6311, 97-6312, 1998 WL 808392, at *9 (10th Cir. Nov. 20, 1998), and on March 22, 1999, the Supreme Court denied certiorari, Bailey v. United States, 526 U.S. 1032 (1999).

One year and one day after the denial of certiorari, appellant filed his § 2255 motion, seeking relief on the sole ground of ineffective assistance of counsel. By all indications, the motion was untimely. See 28 U.S.C. § 2255 para. 6 (providing, with some exceptions, that a one-year period of limitation to filing § 2255 motions shall run from the date on which the challenged conviction becomes final). Nevertheless, the government's court-ordered response neglected the timing issue—even though it was ordered to address it—and argued simply that "[s]ince the defendant has not supported his claim of ineffective assistance of counsel with any facts or supporting law, the government respectfully requests

that his motion be dismissed with prejudice." (R. Doc. 157 at 2.) The district court dismissed appellant's motion for precisely that reason and declined to issue a certificate of appealability.

This Court, too, declined to issue a certificate of appealability on appellant's ineffective assistance of counsel claim. However, appellant's opening brief raised a new claim arising under Apprendi, which was decided after the district court's dismissal of appellant's § 2255 motion. Pursuant to 28 U.S.C. § 2253(c), we issued a certificate of appealability to determine, inter alia, whether appellant "procedurally defaulted his Apprendi claim by failing to raise it at trial and on direct appeal, and if so, [whether he can] show cause and actual prejudice to excuse such a default." United States v. Bailey, No. 00-6268, order at 3–4 (10th Cir. Apr. 25, 2001).[1]

## II

Appellant defaulted his Apprendi claim by failing to object to it at trial. Thus, if he had raised the issue on direct appeal, our review would have been for plain error. United States v. Keeling, 235 F.3d 533, 538 (10th Cir. 2000), cert. denied, 121 S. Ct. 2575 (2001). "Under that review, relief is not warranted unless

---

[1] Counsel were instructed to address the question of whether appellant waived his Apprendi claim by failing to raise it during the district court § 2255 proceedings. In light of our disposition of this matter, we find it unnecessary to resolve this issue.

-4-

there has been (1) error, (2) that is plain, and (3) affects substantial rights. . . . An appellate court should exercise its discretion to correct plain error only if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Jones v. United States, 527 U.S. 373, 389 (1999) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

Under our precedent, the trial court's Apprendi error is plain. See Keeling, 235 F.3d at 539 ("A jury instruction which omitted quantity as an element in these circumstances is actual error that is now plain and obvious."). The court should have sentenced appellant under 21 U.S.C. § 841(b)(1)(C), which provides for a maximum sentence of twenty years where no quantity of methamphetamine is specified. See United States v. Lujan, 268 F.3d 965, 968–67 (10th Cir. 2001). Nevertheless, the trial court's Apprendi error would not constitute reversible plain error because appellant's substantial rights were not affected. Section 5G1.2(d) of the Sentencing Guidelines Manual provides:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

We have held that U.S.S.G. § 5G1.2(d) is a mandatory provision because it speaks "in terms of 'shall' rather than 'may.'" United States v. Price, 265 F.3d 1097,

1109 (10th Cir. 2001).[2]  Therefore, absent its Apprendi error, the district court nevertheless would have been required to impose twenty-year terms for each of appellant's drug convictions and to run the sentences consecutively to the extent necessary to produce a combined sentence equal to 286 months, the same effective sentence appellant is serving now.[3]

The above analysis does not directly dispose of this matter because this is not a direct appeal, but rather a collateral attack on defendant's sentence.[4]  The fact that appellant's claim would fail plain error scrutiny remains significant, however, in light of the "well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  Frady, 456 U.S. at 166.  If appellant is to obtain collateral relief, he "must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  Id. at 167–68.  We need not determine whether appellant has shown cause if we

---

[2]  A petition for a writ of certiorari was filed in Price on January 30, 2002.

[3]  We have said that Apprendi analysis will not "be guided by idle speculation as to the sentence that might be imposed by the district court on remand."  United States v. Jones, 235 F.3d 1231, 1238 (10th Cir. 2000).  In this case, "there is no 'idle speculation' as to the sentence the district court could impose upon remand" because U.S.S.G. § 5G1.2(d) is a mandatory provision.  Price, 265 F.3d at 1109.

[4]  For purposes of our analysis, we assume, without deciding, that Apprendi is retroactively available in an initial habeas petition.

conclude he suffered no "actual prejudice of a degree sufficient to justify collateral relief." Id. at 168.

"Actual prejudice" means "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to [defendant's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 170. Having concluded above that the trial court's Apprendi error did not affect appellant's substantial rights such that it constituted reversible plain error, we accordingly hold that there was no actual prejudice under the higher standard required to obtain collateral relief. See United States v. Smith, 241 F.3d 546, 549 (7th Cir.) ("[F]or the same reason that [appellant] could not show plain error (if that were the right standard) he cannot show prejudice either."), cert. denied, 122 S. Ct. 267 (2001).

## III

The appeal is **DISMISSED**. Appellant's motion for leave to proceed *in forma pauperis* is **GRANTED.**