**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

CLARENCE LEE GREEN,

    Defendant - Appellee.

No. 01-6206

(D.C. No. 00-CV-1151-A, 96-CR-108)
(W.D. Oklahoma)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **BALDOCK**, and **KELLY**, Circuit Judges.

A jury convicted Defendant Clarence Lee Green on seventeen counts arising out of

Defendant's participation in a conspiracy to distribute crack cocaine. The district court

sentenced Defendant to life imprisonment on the four counts involving violations of 21

U.S.C. § 841(a)(1), to be served concurrently. Defendant directly appealed his

convictions. We affirmed. United States v. Green, 175 F.3d 822 (10th Cir. 1999).

Defendant then filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or

correct his sentence. Defendant argued for the first time his rights under Apprendi v.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

New Jersey, 530 U.S. 466 (2000), were violated because the district court sentenced him to the increased maximum penalty of life imprisonment without a jury finding of drug quantity beyond a reasonable doubt. The district court granted Defendant's Apprendi challenge to his life sentences and re-sentenced Defendant to four twenty-year sentences, to run concurrently. The Government appeals the district court's order granting Defendant relief pursuant to § 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(a), and 2255. We reverse the district court's grant of relief and remand to the district court with instructions to vacate the present sentence and reinstate Defendant's original life sentence.

## I.

In July 1996, a federal grand jury in the Western District of Oklahoma returned a 97-count indictment charging Defendant and others with conspiracy to distribute cocaine base and other drug-related offenses.[1] At trial, the district court instructed the jury,

---

[1] The eighteen counts on which the grand jury indicted Defendant included: one count of conspiring to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); two counts of knowingly and intentionally possessing with intent to distribute approximately one kilogram of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of knowingly and intentionally possessing with intent to distribute approximately one-half kilogram of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); nine counts of interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952; one count of knowingly maintaining a place for the purpose of manufacturing or distributing cocaine base, in violation of 21 U.S.C. § 856(a)(1); two counts of knowingly using a telephone facility to facilitate the acquisition and distribution of cocaine base, in violation of 21 U.S.C. § 843(b); and two counts of knowingly engaging in financial transactions affecting interstate commerce with the proceeds of drug activities, in

(continued...)

without objection, that the Government "need not establish that the amount or quantity of controlled substance was as alleged in a count, but only that a measurable amount of the controlled substance was in fact the subject of the acts charged in that count." The jury convicted Defendant on 17 of the 18 counts.[2]

In order to establish the base offense level for sentencing, the pre-sentence report (PSR) grouped Defendant's offenses, and applied the offense level corresponding to the aggregated drug quantity for the grouped counts.[3] U.S.S.G. § 3D1.2(d) (1995) (providing

---

[1](...continued)
violation of 18 U.S.C. § 1956(a)(1)(A)(i).

[2] The jury acquitted Defendant on one of the two money laundering charges under 18 U.S.C. § 1956(a)(1)(A)(i).

[3] "Grouping" involves combining all counts involving substantially the same harm to determine a base offense level. U.S.S.G. § 3D1.2. Counts are to be grouped together into a single group if any one or more of the four subsections to § 3D1.2 provide for such grouping:

> (a) when counts involve the same victim and the same act or transaction;
> (b) when counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan;
> (c) when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts;
> (d) when the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

Id. When, as here, counts are grouped pursuant to § 3D1.2(d), the offense guideline applicable to the aggregate behavior or quantity is used. § 3D1.3(b). To determine the combined offense level for more than one group, the court must determine the disparity of

(continued...)

3

for grouping "[w]hen the offense level is determined largely on the basis of the . . . quantity of a substance involved . . . ."); § 3D1.3(b) (instructing the sentencing court to apply an offense level reflecting the aggregated quantity for the grouped offenses). The PSR attributed to Defendant an aggregated quantity of approximately 15.5 kilograms of cocaine base,[4] and therefore applied a base offense level of 38. Id. at § 2D1.1(c)(1) (assigning base offense level of 38 to persons convicted of a drug offense involving 1.5 kilograms or more of cocaine base). The PSR recommended Defendant receive a two-level enhancement for possessing a firearm during the commission of these offenses, and a four-level enhancement for serving as a leader or organizer, pursuant to U.S.S.G. §§ 2D1.1(b)(1) and 3B1.1(a), respectively. Defendant's total offense level of 44,

---

[3](...continued)
levels between the separate groups. Here, the PSR combined Defendant's sixteen cocaine-related counts into one group and Defendant's single money laundering count into another group. The sixteen cocaine-related counts established a base offense level of 38, and the money laundering count established a base offense level of 23. §§ 2D1.1, 2S1.1. Groups nine or more levels less serious than the most serious group should not be counted for purposes of determining the total offense level. § 3D1.4. Therefore, in the instant case, because the cocaine-related group called for a base offense level of 38, and the next lower group called for a base offense level of 23, the PSR did not count Defendant's money laundering group for purposes of calculating the combined offense level. Id.

[4] Defendant objected to portions of the PSR's drug quantity calculations, asserting "no evidence" supported his association with one co-conspirator accountable for transporting 4.0 kilograms of cocaine base, and denying involvement in the transportation of another 4.0 kilograms by a different co-conspirator. The district court overruled Defendant's objections. Defendant effectively conceded the PSR's attribution of 7.5 kilograms, which remained far above the 1.5 kilogram minimum necessary to assign a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1).

4

combined with a criminal history category of V, established a guideline range of life imprisonment. Id. at Chapter 5, Part A. The district court sentenced Defendant to life imprisonment on each of the four drug counts involving violations of 21 U.S.C. § 841(a)(1), to be served concurrently. For the remaining thirteen counts, the district court sentenced Defendant to concurrent sentences of 48 months imprisonment for two counts, 60 months imprisonment for nine counts, and 240 months imprisonment for two counts.

On direct appeal, Defendant unsuccessfully argued the trial court erred in (1) validating a wiretap order; (2) admitting tapes resulting from a wiretap; and (3) admitting evidence that Defendant threatened a co-conspirator at gunpoint. In his *pro se* motion, Defendant renewed his direct-appeal challenges to his convictions, and added an ineffective assistance of counsel claim. Defendant argued his trial counsel provided ineffective assistance by not objecting to the Government's failure to prove Defendant was a leader of the conspiracy, and the Government's failure to prove the quantity and type of drugs. Defendant subsequently filed a motion for leave to amend his § 2255 motion asserting, for the first time, his four life sentences were invalid under Apprendi. Defendant argued his rights under Apprendi were violated because the jury did not find a drug quantity beyond a reasonable doubt. Instead, the sentencing judge found the drug quantity by a preponderance of the evidence, subjecting Defendant to the increased statutory maximum penalty of life imprisonment on each of the four drug counts. The

5

district court permitted Defendant to amend his § 2255 motion to include the <u>Apprendi</u> claim.

In April 2001, the district court denied Defendant's motion for § 2255 relief on Defendant's claims attacking his convictions. The district court, however, granted Defendant's <u>Apprendi</u> challenge to his life sentences. The court first found <u>Apprendi</u> applied retroactively on collateral attack as a watershed constitutional rule of criminal procedure. <u>See</u> <u>Teague v. Lane</u>, 489 U.S. 288 (1989) (new constitutional rules of criminal procedure will not be applicable to cases which have become final before new rules are announced, unless they are watershed rules of criminal procedure or are rules that place "certain kinds of primary, private individual conduct beyond the power of the criminal law–making authority to proscribe."). The district court then concluded Defendant's life sentences violated <u>Apprendi</u> because "the jury made no findings regarding [drug] quantity." As relief for the <u>Apprendi</u> error, the court resentenced Defendant to the twenty-year maximum sentence that may be imposed on the four counts pursuant to 21 U.S.C. § 841(b)(1)(C). The district court ordered these sentences to run concurrently, thus sentencing Defendant to an overall sentence of twenty years, instead of life.[5] The Government filed a motion for reconsideration, which the district court denied. The Government appeals.

---

[5] The district court did not sentence Defendant on any count exceeding twenty years.

II.

Defendant failed to assert his Apprendi claim on direct appeal. "'A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.'" United States v. Talk, 158 F.3d 1064, 1067 (10th Cir. 1998) (quoting United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994); and citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). If the government fails to raise Frady's procedural bar until the appellate level, however, the Government is not necessarily entitled to disposition on those grounds. Id. Here, the Government failed to raise a Frady defense before the district court. Nevertheless, we may raise Frady's procedural bar sua sponte, if doing so will further "the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice." Id.

We conclude the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice are best served by applying Frady's procedural bar to Defendant's Apprendi claim. We should consider procedural bar issues before considering whether Apprendi applies retroactively. Lambrix v. Singletary, 520 U.S. 518, 524 (1997); Daniels v. United States, 254 F.3d 1180, 1189 n.2 (10th Cir. 2001). Daniels elaborated:

7

It is preferable that procedural default issues be addressed first, in part because it is wise to avoid constitutional considerations whenever possible, and unlike the cause and prejudice question, 'the <u>Teague</u> inquiry requires a detailed analysis of federal constitutional law.'

254 F.3d at 1189 n.2 (quoting <u>Lambrix</u>, 520 U.S. at 524). Additionally, Defendant's constitutional claim under <u>Apprendi</u> would be futile and wasteful of judicial resources. Whether <u>Apprendi</u> retroactively applies on collateral review is best analyzed in a case where resolution of the <u>Apprendi</u> issue would actually affect the outcome of a defendant's § 2255 motion. Here, we conclude Defendant would face the functional equivalent of a life sentence even if we addressed his <u>Apprendi</u> claim on the merits. We therefore decline to address <u>Apprendi</u>'s retroactive applicability on collateral review.[6]

We need not address whether Defendant can show "cause" for his procedural default because Defendant cannot demonstrate "actual prejudice" resulting from the <u>Apprendi</u> error. To demonstrate "actual prejudice," Defendant "must convince [a court] that 'there is a reasonable probability' that the result of the trial would have been different." <u>Strickler v. Greene</u>, 527 U.S. 263, 289-91 (1999). Defendant cannot show a reasonable probability that the result would have been different because even if we accepted Defendant's <u>Apprendi</u> argument that the district court could sentence him only

---

[6] <u>Cf.</u> <u>United States v. Aguirre</u>, No. 01-3218, 2002 WL 188972 (10th Cir. Feb. 7, 2002) (unpublished) (<u>Apprendi</u> is not retroactive on collateral review); <u>McCoy v. United States</u>, 266 F.3d 1245, 1258 (11th Cir. 2001) (same); <u>United States v. Moss</u>, 252 F.3d 993, 1000-01 (8th Cir. 2001) (same); <u>United States v. Sanders</u>, 247 F.3d 139, 151 (4th Cir. 2001) (same); <u>Jones v. Smith</u>, 231 F.3d 1227, 1236 (9th Cir. 2000) (same).

to a statutory maximum of twenty years on each count, Defendant would still be subject to a life sentence.

At sentencing, Defendant conceded his accountability for 7.5 kilograms of crack cocaine. Pursuant to U.S.S.G. § 2D1.1(c)(1), a base offense level of 38 applies where Defendant's convictions involve over 1.5 kilograms of crack cocaine. Defendant does not challenge the two-level enhancement for possessing a firearm during the commission of these offenses, or the four-level enhancement for serving as a leader or organizer. Thus, even if we accepted Defendant's Apprendi claim, he is nonetheless subject to a base offense level of 44, a criminal history category of V, and a guideline sentence range of life imprisonment. Although no single count of Defendant's convictions could satisfy this guideline range, U.S.S.G. § 5G1.2(d) (1995) mandates:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Defendant's twenty-year sentences on the relevant counts are individually less than the total punishment of life imprisonment. As a result, § 5G1.2(d) requires the district court to run Defendant's sentences on each count consecutively ("stack" the sentences) to the extent necessary to produce a combined sentence equal to life imprisonment.[7] United

---

[7] Defendant argues § 5G1.2(d) deals with the situation where more than one group of counts is involved and provides that the sentencing court run groups of counts
(continued...)

9

States v. Bailey, 286 F.3d 1219, 1222 (10th Cir. 2002); United States v. Price, 265 F.3d 1097, 1109 (10th Cir. 2001).

"Because § 5G1.2(d) is a mandatory provision, there is no 'idle speculation' as to the sentence the district court could impose upon remand." Price, 265 F.3d at 1109 (quoting United States v. Jones, 235 F.3d 1231, 1238 (10th Cir. 2000)). Thus, this provision "renders moot any Apprendi error." Id. at 1108. The district court would be required to impose twenty-year terms on Defendant's four drug convictions and to run these sentences, as well as Defendant's sentences on his other convictions, consecutively, resulting in a total sentence of 173 years. See Bailey, 286 F.3d at 1222; Price, 265 F.3d at 1109. A 173-year sentence is the functional equivalent to life imprisonment for a thirty-seven year old person. See United States v. Saccoccia, 58 F.3d 754, 787 n.29 (1st Cir. 1995) ("Barring a lifespan of biblical proportions, [defendant's] time on this mortal coil

---

[7](...continued)
consecutively, not individual counts. Section 5G1.2(d)'s plain language, however, clearly requires the district court to run a defendant's counts consecutively, not groups.

Defendant also claims § 5G1.2(d) must comport with 18 U.S.C. § 3584(a) (giving the sentencing court discretion to impose consecutive or concurrent sentences where the defendant has been convicted on multiple counts), because § 3584(a) is a legislative enactment and thus overrides the sentencing guidelines. In United States v. Shewmaker, 936 F.2d 1124, 1128 (10th Cir. 1991), we noted § 3584(a) is a general provision, while § 5G1.3 (mandating a consecutive sentence if the defendant committed the offense while serving a term of imprisonment) is a specific provision. "[W]hen general and specific statutory provisions apparently contradict, it is well-established that the two may exist together, the specific provision qualifying or limiting the general." Id. Thus, we held § 5G1.3's mandatory provisions required the district court to impose consecutive sentences. Id. Section 5G1.2(d) is likewise a specific provision that qualifies or limits § 3584(a).

will not exceed [his 360-year total sentence].").  Accordingly, the <u>Apprendi</u> error did not actually prejudice Defendant, and thus his <u>Apprendi</u> claim is procedurally barred.

We reverse the district court's grant of § 2255 relief and remand to the district court with instructions to vacate the present sentence and reinstate Defendant's original life sentence.

REVERSED and REMANDED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

11