**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUL 10 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 01-7041 |
| v. | (D.C. Nos. 97-CV-149-S, 90-CR-43-S) |
| EDMOND LEON LEOPARD, | (E. D. Oklahoma) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HENRY** and **McKAY**, Circuit Judges, and **BROWN**,[**] Senior District Judge.

On June 13, 1990, Mr. Leopard was charged by federal grand jury in a five count indictment. Count 1 charged attempt to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846. Count 2 charged possession of a listed chemical in violation of 21 U.S.C. § 841(d)(2). Count 3 charged possession

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

with intent to distribute amphetamine/methamphetamine in violation of 21 U.S.C. § 841(a)(1). Counts 4 and 5 charged violations of 18 U.S.C. §§ 924(c) and 922(g) respectively. Mr. Leopard was tried and convicted of all the charges filed against him and he appealed those convictions. Mr. Leopard's convictions are final; he is now proceeding on collateral review.

Mr. Leopard was sentenced to 327 months of imprisonment on Counts 1 and 3, 120 months on Counts 2 and 5 to run concurrently, and 60 months on Count 4 to be served consecutively. The sentence of 327 months on Counts 1 and 3 depended on a factual determination that his offenses involved at least 41.7 pounds of methamphetamine. The Government did not charge the quantity of drugs involved for purposes of triggering the higher statutory range set forth in 21 U.S.C. § 841(b)(1)(A).

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The sentencing judge determined the amount of methamphetamine Mr. Leopard intended to manufacture and distribute under a preponderance of the evidence standard. Therefore, the resulting sentence exceeded the statutory maximum as set forth in § 841(b)(1)(c). The imposition of more than twenty years of imprisonment would be erroneous

under Apprendi if the case were still on direct review where Apprendi is fully retroactive. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987) (new rules retroactively applicable to cases "pending on direct review or not yet final"); see also United States v. Jones, 235 F.3d 1231, 1235 (10th Cir. 2000) (pursuant to Griffith, Apprendi applied in a case pending on direct appeal).

The issues raised on appeal are 1) whether the district court erred as a matter of law in imposing concurrent, rather than consecutive, sentences; 2) whether Apprendi retroactively applies to an initial collateral attack brought pursuant to 28 U.S.C. § 2255; 3) whether Mr. Leopard procedurally defaulted his Apprendi claim by failing to raise it at trial or on direct appeal and whether he has shown either cause or actual prejudice to excuse this default; and 4) whether the district court committed error in finding that the Government had proved by a preponderance of the evidence that the methamphetamine involved was D or DL-methamphetamine and not L-methamphetamine.

Section 5G1.2(d) of the Sentencing Guidelines states that when a defendant is convicted of multiple offenses and the count carrying the highest statutory maximum sentence is not sufficient to support the total punishment, then the district court shall impose consecutive sentences to the extent necessary to achieve the guidelines sentence. Our decision in United States v. Price, 265 F.3d 1097 (10th Cir. 2001), held that the language of Section 5G1.2(d) is clear and

unambiguous in requiring the imposition of consecutive sentences.

In Price, we affirmed a life sentence imposed on a defendant convicted on seven cocaine trafficking counts and fourteen other counts despite Apprendi error. We stated that the defendant could not prove prejudice entitling him to relief because Section 5G1.2(d) is mandatory and the district court would be required to impose consecutive twenty-year sentences on all of defendant's other convictions to the extent necessary to achieve a de facto life sentence. Although Price was before us on direct review under a plain error standard, we recently extended Price's holding to a case on collateral review. United States v. Bailey, 286 F.3d 1219 (2002). In Bailey, we held that since the district court's Apprendi error would not have been reversible on direct appeal pursuant to Price, there was no actual prejudice under the higher standard required to obtain collateral relief. Id. at 1223.

Mr. Leopard's argument that the district court was clearly erroneous as a matter of law in imposing concurrent, rather than consecutive, sentences is foreclosed by our decisions in Price and Bailey. We need not reach the issues of whether a federal prisoner whose convictions became final before Apprendi was decided may invoke that decision in an initial collateral attack brought pursuant to 28 U.S.C. § 2255. Mr. Leopard's range of total punishment is 262 to 327 months. Even assuming Apprendi error, the Guideline's mandatory imposition of

consecutive sentences "to the extent necessary to achieve the guideline sentence" would require the district court to stack Mr. Leopard's sentences to reach the 327 months' imprisonment already imposed by the district court. U.S.S.G. § 5G1.2(d). Thus, Mr. Leopard cannot show prejudice entitling him to relief.

We next look at whether the district court committed error in finding that the Government had proved by a preponderance of the evidence that the methamphetamine involved was D or DL-methamphetamine and not L-methamphetamine. We review the district court's factual findings on the type of methamphetamine for clear error. United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994).

While there is no such distinction now, the Guidelines applicable at Mr. Leopard's sentencing in 1990 provided for a lesser sentence for manufacture of L-methamphetamine. If the substance contained any detectable amount of D-methamphetamine, the defendant may be sentenced at the higher level. United States v. Decker, 55 F.3d 1509, 1513 (10th Cir. 1995). Where "direct evidence is not available, circumstantial evidence may be sufficient to determine which isomer is involved." United States v. Glover, 97 F.3d 1345, 1350 n.5 (10th Cir. 1996) (quotation omitted).

In his trial testimony, the Government's chemist did not differentiate between D-methamphetamine and L-methamphetamine. Instead, he indicated that

there was no apparent necessity to make such a distinction. In 1997, on remand, the chemist testified that he did have occasion to determine whether the substance was D-methamphetamine or L-methamphetamine and that it was DL-methamphetamine.

Mr. Leopard argues that the district court improperly relied on the chemist's 1997 testimony that the methamphetamine was D-methamphetamine because there was no testimony regarding the distinction at trial and no chemist's report was put into evidence. Additionally, Mr. Leopard claims that the chemist's 1997 testimony was vague and inconsistent.

We hold that the district court did not commit error in finding that the Government had proved by a preponderance of the evidence that the methamphetamine involved was D or DL-methamphetamine and not L-methamphetamine. It was not clear error for the district court to rely on testimony by the Government's chemist that he did have occasion to determine whether the substance was D-methamphetamine or L-methamphetamine and that it was DL-methamphetamine.

The decision of the district court is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

-6-