**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSHUA PRICE III,

    Defendant - Appellant.

No. 04-7058
(D.C. Nos. 03-CV-273-WH and
98-CR-10-S)
(E.D. Okla.)

**ORDER**

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

Defendant-Appellant Joshua Price appeals[1] from the district court's decision denying him 28 U.S.C. § 2255 relief from his federal drug convictions and resulting sentences. Price was convicted of one count of conspiring to distribute cocaine, violating 21 U.S.C. § 846 and § 841(a)(1); six counts of distributing cocaine, violating 21 U.S.C. § 841(a)(1); twelve counts of using a communication facility to commit a felony, violating 21 U.S.C. § 843(b), and two counts of possessing a firearm after a prior conviction, violating 18 U.S.C. § 922(g). See United States v. Price, 265 F.3d 1097, 1100 (10th Cir. 2001). Price

---

[1] The district court granted Price's request to proceed in forma pauperis. See 28 U.S.C. § 1915.

was sentenced to life imprisonment for his conspiracy conviction and for each of the six distribution convictions; forty-eight months for each of the twelve convictions for using a communication facility; and 120 months for each of his firearm-possession convictions. See id. at 1101. These sentences run concurrently. (R. doc. 20 at 2.)

Before appealing the denial of 28 U.S.C. § 2255 relief, Price must first obtain a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1)(B). Price will be entitled to a COA only if he make a "substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotations omitted).

In his § 2255 motion, Price raised a number of claims alleging his trial attorney had been ineffective. He seeks a COA now only on those claims alleging his trial attorney was ineffective in failing to 1) object to the district court's using U.S.S.G. § 2A1.1 to calculate his sentence; 2) object to the "aggravating factors" charged in count one (conspiracy), and in counts six and eight (distributing cocaine); 3) object to the Government's presenting hearsay testimony at a pretrial evidentiary hearing; and 4) investigate and call defense witnesses during that

pretrial evidentiary hearing.[2]  (R. doc. 1 at 5-6, 8; doc. 14 at 2.)  Price also raises

two new claims under Blakely v. Washington, 124 S. Ct. 2531 (2004).  Further, he

challenges the district court's refusal to conduct an evidentiary hearing.  For the

following reasons, we conclude that, for each of these claims, Price has failed to

make a "substantial showing of the denial of a constitutional right" sufficient to

warrant granting a COA.  28 U.S.C. § 2253(c)(2).

In denying Price § 2255 relief on his ineffective-assistance claims, the

district court erred in holding that Price was responsible for his retained

attorney's ineffectiveness.  See United States v. Sanders, 372 F.3d 1183, 1185

(10th Cir. 2004) (declaring that Plaskett v. Page, 439 F.2d 770 (10th Cir. 1971),

was no longer good law in light of Cuyler v. Sullivan, 446 U.S. 335 (1980)).

Further, the district court erred to the extent it held that Price had procedurally

defaulted his ineffective-assistance claims by not raising them on direct appeal.

See Massaro v. United States, 538 U.S. 500, 503-04 (2003).  Nonetheless, after

---

[2]        In the district court, Price also asserted claims alleging trial counsel
failed to 1) object when the Government did not request a special verdict form;
2) test the adversarial process because the Government failed to meet its burden
of proving Price distributed illegal drugs; 3) argue 21 U.S.C. § 841 is
unconstitutional as applied to Price; and 4) move to dismiss the count charging
Price with unlawfully possessing a .45 caliber weapon.  (R. doc. 1 at 5-6, 8; doc.
14 at 2.)  Price does not request a COA or otherwise reassert these claims on
appeal.  We, therefore, deem Price to have waived these claims.

considering Price's ineffective-assistance claims, we conclude they do not warrant a COA.

To establish a claim for ineffective assistance, Price must show both that 1) counsel's performance was deficient and 2) the deficient performance prejudiced Price's defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance will be deficient if it is objectively unreasonable. See id. at 687-88. And counsel's deficient performance will be prejudicial if "there is a reasonable likelihood that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Price first argues that his trial attorney provided ineffective representation during a pretrial evidentiary hearing. "Before trial, the prosecution filed a motion to admit the out of court statements" of a government informant, Ebon Sekou Lurks. Price, 265 F.3d at 1100. At that time, Lurks was unavailable because he had been murdered.[3] See id. at 1100-01. The Government argued that Price "had waived any hearsay or Confrontation Clause objections to the statements by murdering Lurks and thus procuring Lurks' unavailability as a witness." Id. at 1100. After a hearing, the district court held that "the government had

_____

[3] It does not appear that the Government ever charged Price with Lurks's murder. Nor does it appear that the jury in this federal prosecution had to consider whether Price murdered Lurks.

demonstrated by a preponderance of the evidence that [Price] had procured the unavailability of Lurks as a witness, and in so doing had waived his hearsay and Confrontation Clause objections to the out of court statements." Id. at 1101. The district court, therefore, permitted the Government, at trial, to introduce Lurks's out of court statements.

Price now contends his attorney provided ineffective assistance during this pretrial evidentiary hearing in three ways. First, Price asserts counsel should have objected to the Government's using hearsay testimony at the hearing. Because hearsay testimony is admissible at a pretrial suppression hearing, see United States v. Miramonted, 365 F.3d 902, 904 (10th Cir. 2004), defense counsel was not objectively unreasonable for failing to object to the hearsay.

Price next asserts defense counsel should have investigated and presented several witnesses at the pretrial hearing who would have testified that someone else killed Lurks. In particular, Price contends counsel should have called Billy Joe Spencer and Joe Pierce, who would have testified that it was Keith Titsworth who killed Lurks. (Aplt. (2d) br. at 11.)[4] At the hearing, defense counsel elicited testimony from FBI Agent Matthew Schneck that Spencer had identified Titsworth as the killer. (R. doc. 6 at 8; Aplt. (2d) br. at 10.) Price has failed to

---

[4] Price filed two opening briefs with this court, one dated May 25, 2004, and one dated September 2, 2004. We refer to the May brief as Price's first brief, and the September brief as his second brief.

show how defense counsel's not calling Spencer to testify to this same information  prejudiced Price's defense.  See James v. Gibson, 211 F.3d 543, 557 (10th Cir. 2000).

Further, according to Pierce's sworn written statement, which Price himself submitted in support of his § 2255 motion, Pierce denied ever indicating that Titsworth was involved in the murder.  (R. doc. 6, ex. 2.)  Price, therefore, has also failed to establish how counsel's not calling Pierce prejudiced Price's defense.

Price asserts that his defense attorney should have interviewed Leonard Jackson and Keith Titsworth, both of whom had been identified as suspects in Lurks's murder.  (Aplt. (1st) br. at 6-7; Aplt. (2d) br. at 11.)  Price, however, has not asserted what information, beneficial to his defense, that defense counsel would have obtained from interviewing these two men.

Additionally, Price asserts defense counsel should have called Crystal Hayner to testify that Lurks had had trouble with some Hispanic males and that Lurks told Hayner not to hang around Lurks because he was going to die.  (Aplt. (1st) br. at 6.)  We cannot say, however, that, had counsel presented this testimony, there is a reasonable probability that there would have been a different outcome at either the suppression hearing or the trial.  See Kimmelman v. Morrison, 477 U.S. 365, 368, 389, 390-91 (1986) (considering, in addressing

- 6 -

whether trial counsel's failure to suppress evidence prejudiced defense, whether there was reasonable probability that, if evidence had been suppressed, jury would have had reasonable doubt that defendant was guilty); see also United States v. Owens, 882 F.2d 1493, 1498 (10th Cir. 1989).

Finally, Price claims defense counsel should have called his co-defendant Sonya Parker, see United States v. Cherry, 217 F.3d 811, 813 (10th Cir. 2000), as a witness to rebut Agent Schneck's testimony. (Aplt. (2d) br. at 9-10.) The evidence presented at the hearing indicated that

> [t]he police . . . obtained a search warrant for the residence at which [Price] was believed to be staying. Upon executing the search warrant, the police found Price, a gun belonging to Price, and Price's blood-stained tennis shoe. DNA testing indicated a very high probability that the blood on Price's tennis shoe was from Lurks.

Price, 265 F.3d at 1100. According to Price, Agent Schneck testified at the pretrial hearing that Parker, who Price describes as his live-in friend (Aplt. (1st) br. at 4.), told police that the shoe belonged to Price. (R. doc. 6 at 13, 14; doc. 14 at 3.) In support of his § 2255 motion, Price submitted Parker's sworn statement that she never told police officers that the shoe belonged to Price. (Rec. doc. 6 at 14, ex. 1.) Even if defense counsel had presented Parker's testimony to this effect, however, we still cannot conclude that the trial court would have excluded Lurks's out-of-court statements. More to the point, Price has failed to show that, had the trial court excluded Lurks's out-of-court statements, the jury would not

have convicted Price on these federal charges.  See Kimmelman, 477 U.S. at 390-91; Owens, 882 F.2d at 1498.  For these reasons, Price's claims alleging defense counsel was ineffective during the pretrial evidentiary hearing do not warrant COA.

Next, Price asserts that his attorney was ineffective because he "failed to object to the aggravating factors in counts one, six and eight."  (Aplt. (1st) Br. at 3.)  Count one charged Price with conspiring to distribute cocaine, while counts six and eight charged him with distributing cocaine or crack cocaine.  Price appears to be arguing that, because these counts did not specify the type and quantity of drugs involved, and because the jury instructions did not require the jury to make those findings, these convictions and the resulting sentences must be vacated.  This court addressed that issue on Price's direct appeal.  Reviewing for plain error, this court held that, although the district court erred, the fact that "[t]he quantity of drugs was not listed in the indictment nor submitted to the jury to be found beyond a reasonable doubt" did not affect Price's substantial rights.[5]

---

[5]    On direct appeal, Price argued his life sentences violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because the trial court had not instructed the jury to find the quantity of drugs involved.  See Price, 265 F.3d at 1101.  This court held that, because the jury never found any specific quantity of drugs, the district court had erred in imposing seven life sentences for the conspiracy and distribution convictions.  See id. at 1108.  The district court, instead, should have sentenced Price to no more than twenty years on these seven convictions.  See id. Nevertheless, this court held that this error did not affect Price's substantial rights

(continued...)

See Price, 265 F.3d at 1108-09. In light of that determination, Price cannot now establish that counsel's failure to object prejudiced his defense. See United States v. Bailey, 286 F.3d 1219, 1222-23 (10th Cir. 2002) (holding that, since sentencing error due to failure to instruct jury on specific drug quantity did not affect defendant's substantial rights under plain-error analysis, defendant also could not establish prejudice sufficient to overcome procedural default); see also United States v. Cook, 45 F.3d 388, 395 (10th Cir. 1995) (holding defendant who established prejudice under Strickland also established prejudice sufficient to excuse procedural default).

Price also asserts that his attorney was ineffective at sentencing for failing to challenge the district court's applying U.S.S.G. § 2A1.1 to increase his base offense to forty-three, based upon Price's involvement in Lurks's murder. Price

---

[5](...continued)
because U.S.S.G. § 5G1.2(d) would have required the district court "to impose twenty-year terms on [Price's] seven drug convictions and to run those sentences, as well as [his] sentences on the other convictions, consecutively, resulting in a total consecutive sentence of 208 years." Price, 265 F.3d at 1109.

It does appear that, on direct appeal, this court only addressed whether the district court's failure to instruct on the quantity of drugs created reversible sentencing error. In his § 2255 motion, Price challenges the district court's decision not to instruct on both the quantity and type of drugs. Nonetheless, this court's reasoning on direct appeal would still appear to hold true.

contends that § 2A1.1 only applies to murders occurring within the territorial or maritime jurisdiction of the United States.

Sentencing guidelines § 2D1.1(d)(1) required the district court, in calculating Price's sentence for the drug trafficking conspiracy, to apply, by cross reference, the guideline for homicide, § 2A1.1, "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States." Section 2D1.1(d)(1) clearly does not require that the murder actually take place within the territorial or maritime jurisdiction of the United States. Furthermore, "courts are not bound at sentencing by the terms of a criminal liability statute" such as 18 U.S.C. § 1111. United States v. Fortier, 180 F.3d 1217, 1229 (10th Cir. 1999). Defense counsel, therefore, was not objectively unreasonable in failing to object to the district court's decision to apply U.S.S.G. § 2A1.1.

After the district court denied Price § 2255 relief, the Supreme Court decided Blakely v. Washington, 124 S. Ct. 2531 (2004). Price now argues to this court that Blakely requires us to vacate his sentences because the jury never found the type and quantity of drugs for which the district court sentenced him, and never found that Price killed Lurks, justifying the district court's applying U.S.S.G. § 2A1.1.

Ordinarily this court will not consider issues raised for the first time on appeal. See United States v. Cooper, 375 F.3d 1041, 1051 (10th Cir.), cert. denied, 2004 WL 2380728 (2004). In any event, "[i]n Blakely, a direct criminal appeal, the Supreme Court held that the State of Washington's sentencing procedures violated the defendant's constitutional right under the Sixth Amendment because facts essential to his sentence were not proven to a jury beyond a reasonable doubt or admitted by him." Leonard v. United States, 383 F.3d 1146, 1147 (10th Cir. 2004). "The Court, however, did not invalidate the Federal Sentencing Guidelines or hold that Blakely applies to the Federal Sentencing Guidelines." Leonard, 383 F.3d at 1147. Further, even if Blakely does apply to the federal guidelines, it will not apply retroactively to cases on collateral review. See United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding Apprendi v. New Jersey, 530 U.S. 466 (2000), does not apply retroactively to initial habeas petitions). For these reasons, Price's Blakely arguments do not warrant a COA.

Lastly, Price asserts the district court erred in refusing to conduct an evidentiary hearing on his ineffective-assistance claims. Because "the [§ 2255] motion and the files and the records of the case conclusively show that [Price] is entitled to no relief," 28 U.S.C. § 2255, the district court did not err in refusing to

conduct an evidentiary hearing.  See United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996).

For these reasons, Price has failed to establish that he is entitled to a COA on any of his claims.  We, therefore, DENY a COA and DISMISS his appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge