[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2006
THOMAS K. KAHN
CLERK

No. 05-13077
Non-Argument Calendar

_____

D. C. Docket No. 94-00072-CR-DHB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE RUDY BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 15, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

On June 21, 1995, appellant, having been found guilty of conspiracy to

possess cocaine with intent to distribute, was sentenced by the district court to a prison term of 252 months, to be followed by a five-year term of supervised release, and fined $250,000. The court ordered that the fine be paid in installments as follows: while incarcerated, appellant was to pay the fine according to a schedule determined by the Bureau of Prisons ("BOP"); while on supervised release, he was to pay the balance of the fine in equal monthly installments. Appellant appealed the district court's judgment, but voluntarily dismissed the appeal.

On March 28, 2005, appellant moved the district court to waive the unpaid balance of his fine or, alternatively, to set a permanent payment schedule of $10 a quarter for the remainder sentence.[1] On April 27, 2005, the court entered an order granting the motion in part and denying it in part. The order required appellant to pay $20 per quarter if working in a non-UNICOR job or 50% of his monthly earnings if working in a UNICOR job, and $500 per month following his release from prison. The order also noted that the BOP had authority under the Inmate Financial Responsibility Program to establish higher payments during appellant's

___

[1] In his motion, appellant contended that the court, in its final judgment, lacked authority to delegate to the BOP the setting of a payment schedule. When he dismissed his appeal of that judgment, appellant forfeited the right to challenge such delegation, and we therefore do not consider his collateral attack on the delegation here.

2

incarceration.  Appellant thereafter lodged the appeal now before us.

The district court's source of jurisdiction in this matter is found in 18 U.S.C. § 3572(d)(3), which states:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine.  Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

As the words, "the court may . . .  adjust the payment schedule," imply, granting relief under § 3572(d)(3) is a discretionary call.  We therefore review the court's action for abuse of discretion.  We find no abuse here.[2]

AFFIRMED.

---

[2]  Appellant contends that the court erred in setting monthly payments of $500 for the 60 months of his supervised release because it failed to consider the fact that he has no significant employment.  If it turns out that, after his release from prison, he cannot make these payments, he can so inform the court under § 3572(d)(3).