FILED
United States Court of Appeals
Tenth Circuit

June 26, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DAVID LEROY HARTMAN,

Defendant–Appellant.

No. 11-1452
(D.C. Nos. 1:03-CR-00582-REB-1,
1:07-CV-01921-REB)
(D. Colorado)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Appellant, a federal prisoner, seeks a certificate of appealability to appeal

the district court's dismissal of his § 2255 habeas petition.  In 2004, a federal jury

found Appellant guilty of possession of a firearm by a felon, possession with

intent to distribute a controlled substance (cocaine base and methamphetamine),

possession of a firearm in furtherance of a drug-trafficking crime, and use of

another's identification to commit unlawful activity.  The district court sentenced

him to prison terms of 180 months and 12 months, to run concurrently, and a term

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of 60 months to run consecutively. The five-year consecutive sentence Appellant received was the mandatory minimum for possession of a firearm in furtherance of a drug crime pursuant to 18 U.S.C. § 924(c). The government added this charge in a superceding indictment after telling Appellant if he failed to accept the proffered plea agreement, it would charge him with additional crimes. On appeal, this court affirmed Appellant's conviction and sentence. *See United States v. Hartman*, 194 F. App'x 537 (10th Cir. 2006). Appellant did not seek certiorari review.

Appellant filed this § 2255 motion, which raises the following claims: (1) this court erroneously affirmed on appeal the district court's denial of Appellant's motion to suppress; (2) this court erroneously affirmed the district court's denial of Appellant's motion to sever counts; (3) Appellant received ineffective assistance of counsel at trial; and (4) Appellant was improperly convicted and sentenced based on various errors. After numerous proceedings, including a hearing on the ineffective assistance of counsel claim, the district court held Appellant was foreclosed from raising claims one and two in a collateral proceeding because they had already been adjudicated in the direct appeal. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). The district court held claim four was procedurally barred because Appellant failed to show cause for failing to raise the issues in his direct appeal or actual prejudice from the alleged errors. *See United States v. Bailey*, 286 F.3d 1219, 1223 (10th Cir. 2002).

As to Appellant's ineffective assistance of counsel claim, he alleged three specific instances of ineffective assistance of counsel: (1) counsel failed to retrieve discovery and investigation reports from prior, disbarred counsel; (2) counsel failed to have prior counsel held in contempt after he did not respond to a subpoena for the discovery materials; and (3) counsel improperly advised Appellant concerning the consequences of not accepting a plea bargain. Appellant also alleged counsel failed to present his medical records to the district court, which presumably would have prompted the court to conduct a competency hearing before trial.

The district court allowed Appellant to reshape his claim at the hearing to focus on two allegations—Appellant received bad advice regarding the plea agreement, and counsel failed to consider Appellant's mental health in her communications with him and should have raised a competency issue before the trial court. The district court ultimately held Appellant failed to show counsel's conduct fell below the objective standard of reasonableness required by *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, counsel "was aware of and considered carefully the mental health, including the competency, of [Appellant]," counsel "concluded reasonably that [Appellant] was competent," and counsel "provided [Appellant] with timely, relevant, complete, accurate, and competent legal advice concerning the proposed plea agreement." (R. Vol. 2 at 252.) The district court concluded Appellant "failed to establish either the

deficient performance or prejudice prong of *Strickland*." (*Id*. at 253.)

To appeal the denial of his habeas petition, Appellant must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). Appellant argues through appointed counsel that the Supreme Court's recent decision in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), applies in this case because it clarifies, contrary to some courts' interpretation, that *Lockhart v. Fretwell*, 506 U.S. 364 (1993), does not stand for the proposition that conviction at a fair trial cures counsel incompetence in plea negotiations. However, not only did the district court not use *Fretwell* to suggest counsel's alleged incompetencies were cured by a fair trial, but the district court specifically held Appellant's counsel provided competent advice at the plea negotiation stage. As *Lafler* notes, "a defendant must show the outcome of the plea process would have been different with competent advice." 132 S. Ct. at 1384. We agree with the district court that Appellant received competent advice, and we thus conclude *Lafler* does not assist Appellant's claims.

Appellant has also filed a pro se motion in which he raises several arguments regarding his claim that counsel should have requested a competency hearing. At the habeas hearing, counsel testified she was aware of Appellant's "long history of mental illness," but that Appellant was very smart, was "able to communicate fairly well," despite being "pretty emotional," and was "clear" and "under[stood] what was going on." (R. Vol. 3 at 17.) Counsel testified she

therefore did not request a competency evaluation for Appellant. Counsel also testified as to her nine-year experience as a state public defender in dealing with competency issues. At the same hearing, Appellant testified trial counsel had "never [received] any of [Appellant's] psychiatric records, period. She never checked into my mental health at all." (*Id*. at 69.) In support of his pro se motion to this court, Appellant submitted medical-release waivers he had signed on November 30, 2004—after the date of his trial.[1] Appellant argues these waivers refute counsel's testimony that she obtained waviers and began receiving some of his medical health records during the first months of her representation.

We conclude that even if Appellant could satisfy *Strickland's* first prong by showing counsel's alleged failure to obtain Appellant's medical records and move for a competency determination "fell below an objective standard of reasonableness," 466 U.S. at 688, Appellant has not satisfied *Strickland's* second prong. Appellant has not demonstrated he was prejudiced by counsel's alleged failures because he has not shown a reasonable probability he would have been found incompetent to stand trial if counsel had requested and obtained a competency hearing. *See id*. Although Appellant has a history of mental health issues, "[n]ot every manifestation of mental health illness demonstrates incompetence to stand trial." *United States ex rel. Foster v. DeRobertis*, 741 F.2d

---

[1] We have no indication these are the only waivers counsel obtained.

1007, 1012 (7th Cir. 1984). There is no indication Appellant did not have a rational understanding of the proceedings against him, and all of the evidence indicates he was able to assist counsel and understand the charges against him.

After carefully reviewing Appellant's brief, his pro se motion, and the record on appeal, we conclude reasonable jurists would not debate whether the district court erred in dismissing the petition.[2] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore **DENY** the application for a certificate of appealability and **DISMISS** the appeal. We **DENY** Appellant's motion to appoint new habeas counsel.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge

---

[2] Appellant's only arguments in both his counseled brief and his pro se motion concerned his ineffective assistance of counsel claim. He made no arguments regarding the district court's dismissal of his other § 2255 claims. Regardless, we agree with the district court's dismissal of these claims and have nothing to add to its thorough analysis. Reasonable jurists would not debate whether the district court erred in dismissing these claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).