**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

RALPH DOUGLAS GANN

        Defendant - Appellant.

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

THOMAS DOSS GANN,

        Defendant - Appellant.

No. 01-7028
D.C. No. CR-00-21-002-X
(E. D. Oklahoma)

No. 01-7029
D.C. No. CR-00-21-001-X
(E. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **KELLY**, Circuit Judge.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this court Ralph Douglas Gann is represented by the Federal Public Defender's Office and his brother, Thomas Doss Gann, is represented by counsel appointed pursuant to the Criminal Justice Act. The two appeals were separately briefed and separately argued in this court. However, they will be consolidated for disposition and both appeals will be considered in this Order and Judgment, *seriatim.*

No. 01-7028, U.S. v. Ralph Douglas Gann

In an 11-count superseding indictment, Ralph Douglas Gann, hereinafter referred to as Doug Gann, his brother, Thomas Doss Gann, and their mother, Irene Marie Gann, and two others were charged with various drug and drug related violations. Doug Gann went to trial on six of the 11 counts, namely two counts of possessing a firearm while under indictment, 18 U.S.C. § 922(n); two counts of possessing a firearm after a former felony conviction, 18 U.S.C. § 922(g)(1); one count of conspiracy to manufacture methamphetamine, 21 U.S.C. § 846; and one count of maintaining a place for the purpose of manufacturing, distributing and using methamphetamine, 21 U.S.C. § 856(a)(1). At the conclusion of the government's presentation of evidence, the district court dismissed the two counts charging possession of firearms while under indictment, and the remaining four counts were submitted to the jury. The jury found Doug Gann not guilty on the conspiracy charge and not guilty on one of the counts charging possession of a firearm after a felony conviction, but the jury convicted him on the count charging him with maintaining a place for the purpose of manufacturing, distributing and using

methamphetamine and on one count charging him with possessing a firearm after a former felony conviction, namely Counts 3 and 10, respectively, of the superseding indictment. He was thereafter sentenced to imprisonment for 240 months on Count 3 and 120 months on Count 10, "the terms of imprisonment on Counts 3 and 10 . . . to run consecutively." Doug Gann appeals.

## 1. Motion to Suppress

Pursuant to a search warrant, agents conducted several searches of a residence located at 416 Ridge Drive ("Ridge Drive") in Sallisaw, Oklahoma[1], located in Sequoyah County, Oklahoma, and owned by Doug Gann's parents, Ralph Wallace Gann, deceased, and Irene Marie Gann, and a trailer house located in Chicken Creek Community ("Chicken Creek"), Cherokee County, Oklahoma, owned by Irene Gann. In the affidavits in support of the two applications for a warrant to search the Ridge Drive residence, the affiants, in each instance, stated that in front of the premises to be searched was a mailbox having the numbers "416" and the name "Doug Gann" written on the side. The numbers on the side of the mail box were correct. However, at the time of the suppression hearing it was stipulated by the parties that the part of the affidavits stating that the name of "Doug Gann" was on the side of the mailbox was incorrect, and that the name on the

---

[1]On July 18, 1998, an application for a search warrant to search the Ridge Drive residence was submitted to a state district court in Oklahoma, and, after the warrant was issued, a search was conducted on the same date. On May 18, 1999, another application to search the Ridge Drive residence was submitted to the same court, and, after a search warrant issued, the premises were again search on May 25, 1999.

mailbox was actually "Ralph Gann." As indicated, the Gann brothers were "Ralph Douglas Gann" and "Thomas Doss Gann," and their deceased father was "Ralph Wallace Gann." Counsel's first ground for reversal is that in each instance the affiants falsely and deliberately, or recklessly, stated in their respective affidavits that the name "Doug Gann" appeared on the mailbox in front of the Ridge Drive property, and that the false statement was necessary to the finding of probable cause, citing *Franks v. Delaware*, 438 U.S. 154 (1978) and *Clanton v. Cooper*, 129 F.3d 1147, 1154 (10th Cir. 1997). Counsel argues that the incorrect statement in each of the affidavits that the name "Doug Gann" appeared on the mailbox conveyed to the issuing state judge the impression that "Doug Gann" owned the residence in question, when, in fact, he did not.

The government's position is that the mistake was an innocent one, and did not affect the validity of the search warrant which issued thereon because the "incorrect statement" was not necessary to a finding of probable cause. The government argues that a description of premises to be searched is sufficient if it enables the officers to ascertain the place to be searched with reasonable effort and that "practical accuracy", rather than "technical precision," controls a determination of whether an affidavit in support of an application for a search warrant adequately discloses the premises to be searched. *United States v. Hutchings,* 127 F.3d 1255, 1258 (10th Cir. 1997), *United States v. Occihipinti,* 998 F.2d 791, 799 (10th Cir. 1993).

In our view the incorrect statement in the affidavits that the name "Doug Gann"

appeared on the side of the mailbox could not have, under the described circumstances, affected the issuing judge in his determination of probable cause. In this regard, we note that in the "probable cause" section of the first affidavit, the affiant stated, *inter alia,* that on July 17, 1998, a reliable confidential informant had advised the affiant that persons at the Ridge Drive residence had in their possession a large quantity of white powdery substance represented to be methamphetamine, and that two of the four "persons" were known as "Ralph Douglas Gann" and as "Doss Gann." In this same vein, a different affiant in support of the second application to search the Ridge Drive residence stated that "within the last seventy-two (72) hours" a confidential informant had informed him "that methamphetamine could be purchased at the above mentioned residence" and that the informant had been given "an 8 ball" of methamphetamine and "told to return with the money later."

Accordingly, we conclude that the district court did not err in denying Doug Gann's motion to suppress. The location of the Ridge Drive premises was more than adequately described by a correct street address, directions and milage indicators. Further, there is no evidence that the misstatement in the affidavit was "falsely made," as counsel suggests, and, in any event, the misstatement was not "necessary to the finding of probable cause" that methamphetamine was being manufactured, distributed or used at the residence located at 416 Ridge Drive. *United States v. Tisdale,* 248 F.3d 964, 973 (10th Cir. 2001).

## 2. Motion for Acquittal on Count 3

Counsel next argues that the district court erred in denying Gann's motion for judgment of acquittal on Count 3 of the superseding indicting. Count 3 of the superseding indictment charged Ralph Douglas Gann, his brother, Thomas Doss Gann, their mother, Irene Marie Gann, and one Karen Jean Real with knowingly and intentionally maintaining two different places for the purpose of manufacturing, distributing and using methamphetamine, namely the Ridge Drive property and the Chicken Creek property in violation of 21 U.S.C. § 856(a)(1), and that each had "aided and abetted" the others in violation of 18 U.S.C. § 2. Counsel's argument is that the Ridge Drive residence was owned and maintained by Gann's mother, Irene Gann, and that Doug Gann did not have either dominion or control over the Ridge Drive residence and thus did not "maintain"a place for the purpose of manufacturing, distributing or using methamphetamine. We are not persuaded.

The charge in Count 3 was that from April, 1998, until March, 2000, the four named defendants in that particular count were maintaining both the Ridge Drive and Chicken Creek premises for not only the purpose of manufacturing methamphetamine but also for the purpose of distributing and using methamphetamine. Additionally, each was charged with aiding and abetting the others in such activity at the respective locations. At trial, Terry McGraw, a named defendant in the superseding indictment, (but not a named defendant in Count 3), testified that Doug Gann lived with Karen Real at the Ridge Drive

residence. McGraw testified that, during the five-week period that he was associated with the Ganns, he would often take Doug Gann to work, pick him up after work, and go to the Chicken Creek property where they would eat supper and then return Doug Gann to the Ridge Drive residence. Another associate, Steve Smith, testified that Doug Gann lived in the Ridge Drive residence. During the execution of the search warrant at the Ridge Drive premises on July 18, 1998, Doug Gann and Karen Real were on the premises and during all three searches, documents associating Gann with the residence were found. Without belaboring the point, we conclude from our examination of the record that the district court did not err in denying Gann's motion for judgment of acquittal in Count 3 of the superseding indictment interposed at the close of the government's case.

### 3. Motion for Acquittal on Count 10

Count 10 of the superseding indictment charged that on May 25, 1999, at the Chicken Creek property Ralph Douglas Gann, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed a firearm, namely, a Glenfield, Model 75C, .22 caliber, rifle, serial number 18397189, which had been transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1). At the conclusion of the government's case, counsel moved for a judgment of acquittal on Count 10, contending that the evidence was insufficient to show that Doug Gann "possessed" the rifle in question. The district court denied that motion, and the jury later convicted Gann on Count 10. On appeal, counsel argues that the district court erred in denying

Gann's motion for acquittal on Count 10. The government's position is that the evidence, both direct and circumstantial, together with the reasonable inference drawn therefrom, viewed in a light most favorable to the government, was sufficient to show that Gann had "constructive possession" of the rifle in question, citing *United States v. Wilson,* 107 F.3d 774, 779-80 (10th Cir. 1997).

Prior to trial, Doug Gann stipulated to a prior felony conviction. Evidence adduced at trial showed that although Doug Gann "lived" in the Ridge Drive property, he spent much time at the Chicken Creek property, which was owned by his mother, Irene Gann. On May 25, 1999, officers searched both the Ridge Drive and Chicken Creek properties. At Ridge Drive officers seized 11 syringes containing methamphetamine, as well as 82 grams of powder methamphetamine. At the Chicken Creek property, a shaving kit was found which contained numerous syringes as well as prescription bottles bearing Doug Gann's name. On the front porch of the trailer, a case of pseudoephedrine was found. At the time of the search, Doug Gann and his mother, Irene, were both in the living room of the trailer. Leaning against a television set in the living room was a .22 caliber rifle, which the officers seized.

In our view, the district court did not err in denying Gann's motion for acquittal on Count 10. The totality of the evidence shows that this was a "family business," involving Doug Gann, Doss Gann and Irene Gann, and others, at both the Ridge Drive and Chicken Creek properties. Further, the evidence shows that at the time he was arrested the rifle in

question was only a relatively short distance from Doug Gann, in plain view, in the so-called living room of the Chicken Creek property. A conviction under a constructive possession theory will be upheld when there is some evidence to support at least a plausible inference that the defendant had knowledge of and access to the weapon. *United States v. Mills,* 29 F.3d 545, 549 (10th Cir. 1994). Under *Mills,* which was relied on by both parties, the evidence presented is sufficient to support the jury's determination, from all the facts and circumstances, that Doug Gann constructively possessed the rifle, even though it was not, so to speak, "in his hands."

### 4. Consecutive Sentences

As indicated, the district court sentenced Gann to imprisonment for 20 years on Count 3 and to 10 years imprisonment on Count 10, and ordered that each term should "run consecutively." Counsel argues that the district court erred in ordering that the two sentences be served consecutively, and that it should have ordered that the two sentences be served concurrently.

The pre-sentence report set Gann's offense level at 38 and his criminal history category at VI, the guideline range therefor being 360 months imprisonment to life imprisonment. The defendant filed an objection to that part of the pre-sentence report setting the guideline range at 360 months imprisonment to life. The statutory sentence for a person violating 21 U.S.C. § 856(a)(i), maintaining a place for manufacturing, distributing, or using methamphetamine, shall be a sentence of not more than 20 years.

18 U.S.C. § 856(b). In this regard, we note that U.S.S.G. § 5G1.1(a) provides that where the statutorily authorized maximum sentence is less than the minimum sentence under the applicable guideline range, which is our case, the statutorily authorized maximum sentence "shall be the guideline sentence." Thus, under the guidelines themselves, the "guideline sentence" for Count 3 is 20 years, the statutory maximum provided for in 21 U.S.C. § 856(b), and not the "guideline range" of 360 months to life. In line therewith, the district court disregarded the guideline range of 360 months to life and sentenced Gann on Count 3 to 20 years imprisonment, the statutory maximum under 21 U.S.C. § 856(b).

As stated, the district court also sentenced the defendant to 10 years imprisonment on Count 10 and ordered that the two sentences run consecutively. In the district court, the defendant objected to the pre-sentence report's recommendation that, based on U.S.S.G. § 5G1.2(d), the sentence on Count 10 should run consecutively to the sentence imposed on Count 3, arguing that, under U.S.S.G. § 5G1.2(c), the sentence on Count 10 should run concurrently with the sentence on Count 3.

On appeal, the defendant's position is that, under U.S.S.G. § 5G1.2(c), the sentence in Count 10 should run concurrently with the sentence imposed in Count 3. That provision reads as follows:

> (c)     If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise

required by law.  (Emphasis added).

Conversely, the government's position is that, under U.S.S.G. § 5G1.2(d), the sentence imposed in Count 10 "shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."  That guideline reads as follows:

> (d)    If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the <u>total punishment</u>.  In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.  (Emphasis added).

U.S.S.G. § 5G1.2 pertains to sentencing on multiple counts of conviction, which is our case.  The commentary thereunder reads, in part, as follows:

> This section specifies the procedure for determining the specific sentence to be formally imposed on each count in a multiple-count case.  <u>The combined length of the sentences ("total punishment") is determined by the adjusted combined offense level.</u>  To the extent possible, the total punishment is to be imposed on each count.  Sentences on all counts run concurrently, except as required to achieve the total sentence, or as required by law. (Emphasis ours.)

It is counsel's position that the "total punishment" in the instant case is 20 years, whereas the government contends that the "total punishment" is 30 years.  Our study of this matter leads us to conclude that the "total punishment" in the instant case is 30 years, which is the minimum sentence "determined by the adjusted combined offense level," but

- 11 -

is also the total of the statutory maximums authorized by 21 U.S.C. § 856(b) and 18

U.S.C. § 924(a)(2), namely 20 years and 10 years respectively.  It is on this basis that we

conclude that, under U.S.S.G. § 5G1.2(d), the district court did not err in ordering that the

sentences on Counts 3 and 10 "run consecutively." *See* Federal Sentencing Guidelines

Handbook, § 5G1.2.

### 5.  Offense Level

U.S.S.G. § 2D1.8(a) reads as follows;

> Renting or Managing a Drug Establishment;     Attempt or
> Conspiracy
>
> . . .
>
> (2)  If the defendant had no participation in the
> underlying controlled substance offense other than
> allowing the use of the premises, the offense level
> shall be 4 levels less than the offense level from
> §2D1.1 applicable to the underlying controlled
> substance offense, but not greater than level 16.

Counsel argues that since Gann was acquitted on the conspiracy charge the district

court erred in fixing Gann's base offense level at 38 and that, under U.S.S.G. § 2D1.8(2),

Gann's base offense level should have been fixed at 16, instead of 38.  (A offense level of

16 coupled with a criminal history category of VI sets a guideline range at 46 to 57

months imprisonment.)  We are not persuaded by this argument.  In Count 3, Gann was

not only charged with maintaining a place for the purpose of manufacturing

methamphetamine, but was also charged with maintaining a place for the purpose of

distributing and using methamphetamine.  In our view, the evidence amply supports the

jury's verdict that Gann was guilty on Count 3 and under such circumstances the district court was not required to fix Gann's offense level at 16 on the ground that he only allowed the use of the Ridge Drive residence for the manufacture or distribution or use of methamphetamine and had "no participation in the underlying substance offense."

### 6. Minor Participant

U.S.S.G. § 3B1.2 reads as follows:

Mitigating Role

Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

On appeal, counsel argues that the district court erred in not concluding that the defendant was a "minor participant," and, as such, entitled to a 2 level decrease in his offense level. In our view, the district court did not commit reversible error in deciding that Gann was not a "minor participant" in this drug operation. In *United States v. Lockhart,* 37 F.3d 1451, 1455 (10th Cir. 1994) we said, *inter alia:* (1) a district court's determination as to whether a defendant was a minimal or minor participant is reviewed only for "clear error;" (2) a defendant has the burden of proving by a preponderance of the evidence that he was a minor or minimal participant; and (3) a defendant is not

entitled to a deduction in his offense level when U.S.S.G. § 3B1.2 simply because he is the least culpable among several participants in a joint criminal enterprise.

Judgment affirmed.

No. 01-7029, U.S. v. Thomas Doss Gann

Thomas Doss Gann, hereinafter referred to as "Doss Gann," his brother, Ralph Douglas Gann, hereinafter referred to as "Doug Gann," their mother, Irene Marie Gann, and Karen Jean Real were jointly tried on various drug and drug related charges. Doss Gann was convicted by a jury of the following charges: Count 1, conspiracy to manufacture, possess and distribute methamphetamine in violation of 21 U.S.C. § 846; Count 2, attempt to manufacture methamphetamine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; Count 3, maintaining a place for the purpose of manufacturing, distributing and using methamphetamine in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; Count 5, possession of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and Counts 7, 9 and 11, possession of a firearm while under indictment in violation of 18 U.S.C. § 922(n) and 18 U.S.C. § 2. Doss Gann was sentenced to imprisonment for 240 months on Counts 1, 2 and 3 to be served concurrently and to imprisonment for 60 months on Counts 7, 9 and 11, the latter three sentences to be served concurrently with each other and concurrently with the sentences imposed on Counts 1, 2 and 3. As to Count 5, he was sentenced to imprisonment for 60 months to be served consecutively to "all other counts." Doss Gann

appeals.  We affirm.

### 1.  Motion to Suppress

Prior to trial Doss Gann's brother, Doug Gann, filed a motion to suppress the evidence seized in two searches of the Ridge Drive premises.  Doss Gann joined in that motion.  A suppression hearing was held and, as indicated above, the district court denied the motion.  On appeal, Doss Gann's first ground for reversal is that the district court erred in denying the motion to suppress.  This particular issued was raised in Doug Gann's appeal, where we have held that the district court did not err in denying the motion to suppress.

### 2.  Insufficient Evidence

Counsel next argues that there was insufficient evidence to support the jury's guilty verdicts on Counts 7, 9 and 11.  Count 7 charged Doss Gann, Doug Gann and Karen Jean Real with receiving on or about May 25, 1999, at 416 Ridge Drive, an Intratec, Model Tec-DC9,  9mm semi-automatic pistol, serial number D050373, and a Winchester, Model 1300, 12 gauge shotgun, serial number L2807437, while under indictment for a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(n) and 18 U.S.C. § 2.  Count 9 charged the Gann brothers and their mother, Irene, with receiving on or about May 25, 1999, in the Chicken Creek property a Glenfield, Model 75C, .22 caliber rifle, serial number 18397189, while under indictment, in violation of 18 U.S.C. § 922(n) and 18 U.S.C. § 2.  Count 11 charged Doss

- 15 -

Gann with receiving on February 4, 1999, in Braggs, Muskogee County, Oklahoma, a Taurus, .357 magnum revolver, serial number QA482844 while under indictment, in violation of 18 U.S.C. § 922(n).

18 U.S.C. § 922(n) reads as follows:

> It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to . . . receive any firearm . . . which has been shipped or transported in interstate or foreign commerce.

At trial, evidence was introduced that Doss Gann had been charged on July 10, 1998, by information with a felony in a state court in Cherokee County, Oklahoma. However, there was no evidence that any preliminary examination had ever been conducted thereon. Counsel first argues that the filing of a state charge by information, as opposed to an indictment, does not meet the requirement of 18 U.S.C. § 922(n) that the "person" be "under indictment." However, 18 U.S.C. § 921(a)(14) provides that "the term indictment includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." *See United States v. Fillman*, 162 F.3d 1055 (10th Cir. 1998). Counsel's effort to distinguish *Fillman* from the present one is unavailing.

It is apparently agreed that Doss Gann was first "under indictment" in a state court of Oklahoma on July 10, 1998, for a crime punishable by imprisonment for more than one year. The charge in Count 7 was that on or about May 25, 1999, he received firearms at the Ridge Drive property while under indictment. Counsel next argues that there is no

evidence that Doss Gann "received" those firearms subsequent to July 10, 1998, the date when he was charged with a felony in an Oklahoma state court. As to Count 9, counsel also argues that there is no evidence that he "received" the firearm at the Chicken Creek property after July 10, 1998. Counsel does not argue that Count 11 is subject to the same objection.

There were several searches of both the Ridge Drive property and the Chicken Creek property. The testimony was that on each search <u>all</u> firearms were seized and removed from the premises in question. From that fact, the government argues that the jury could properly infer that the firearms found in the searches of the Ridge Drive property on May 25, 1999, and the Chicken Creek property on that same date were "received" by Doss Gann after July 10, 1998.[2] We agree. Further, the evidence indicated that Doss Gann did have a sufficient "nexus" with both properties to establish "dominion and control" over the firearms found therein, and there was evidence that Doss Gann often traded drugs for guns.

---

[2]In *United States v. Hernandez,* 913 F.2d 1506, 1514 (10th Cir., 1990) we spoke as follows:

> It is not necessary to show that the defendant actually received a weapon to prove "receipt" of a firearm under § 922; receipt may be established circumstantially by proving possession.

Judgment affirmed.

Entered for the Court,

Robert H. McWilliams
Senior Circuit Judge

Nos. 01-7028, <u>United States v. Ralph Douglas Gann</u>; 01-7029, <u>United States v. Thomas Doss Gann</u>.

**KELLY**, Circuit Judge, with whom **SEYMOUR**, Circuit Judge joins, concurring.


I concur in the court's order and judgment, but write separately to express my concern with the consecutive sentences imposed in Doug Gann's case (01-7028). Doug Gann argues that because the drug quantity resulting in an offense level 38 (and a guideline range of 360 months to life) was not alleged in the indictment nor proven to a jury beyond a reasonable doubt, his sentence violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>United States v. Jones</u>, 235 F.3d 1231 (10th Cir. 2000). This argument is foreclosed by our decision in <u>United States v. Lott</u>, 310 F.3d 1231 (10th Cir. 2002), where we stated:

> The district court's ability to determine the "total punishment," [under U.S.S.G. § 5G1.2(d)] based on drug quantities determined under a preponderance of the evidence standard, for defendants facing multiple convictions remains untouched by the <u>Apprendi</u> decision, so long as the sentence for a particular count is within the statutory maximum. <u>See</u> <u>United States v. Buckland</u>, 289 F.3d 558, 570-71 (9th Cir.) (en banc) (stating that <u>Apprendi</u> is not violated when district court applies Guideline § 5G1.2(d) to issue consecutive sentences under multiple counts in order to reach an appropriate total sentence under the Guidelines so long as no sentence under any one count exceeds the maximum allowable under <u>Apprendi</u> for that count in the absence of a jury determination of drug quantities that would support an enhanced sentence under that count), <u>cert. denied</u>, --- U.S. ----, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

<u>Lott</u>, 310 F.3d at 1242-43.

Although the <u>Apprendi</u> argument is unavailing, do consecutive sentences required by mandatory application of U.S.S.G. § 5G1.2(d) effectively require a sentence more

severe on a particular count than that legislated by Congress?  In connection with his Apprendi argument, Doug Gann suggests that the drug quantity associated with his conviction on count 3 resulted in a sentence in excess of the 20-year maximum.  Aplt. Br. (01-7028) at 27 ("If the drug quantity had been lower and provided for a guideline range consistent with the 20-year maximum, without question Appellant would have been entitled to have both counts run concurrent.").

District courts are empowered by statute with the discretion to impose concurrent or consecutive sentences when there are multiple counts of conviction.  See United States v. Rose, 185 F.2d 1108, 1109 (10th Cir. 1999).  In exercising that discretion, district courts must consider the guidelines, as well as other factors in 18 U.S.C. § 3553.  18 U.S.C. §§ 3584(b); 3553(a)(4) & (5).  The guidelines place limits on a court's discretion to impose concurrent or consecutive sentences.  See United States v. Gonzales, 520 U.S. 1, 6-7 (1997) ("Normally, a district court has authority to decide whether federal prison terms should run concurrently with or consecutively to other prison sentences.  18 U.S.C. § 3584(a) (vesting power in district court to run most prison terms either concurrently or consecutively);  United States Sentencing Commission, Guidelines Manual § 5G1.3 (Nov. 1995) . . . (guiding court's discretion under § 3584(a))."); see also Witte v. United States, 515 U.S. 389, 404-06 (1995).

In the context of Apprendi challenges, we have held that § 5G1.2(d) is a mandatory provision.  United States v. Price, 265 F.3d 1097, 1109 (10th Cir. 2001); see

also <u>Lott</u>, 310 F.3d at 1243.  A defendant must be sentenced in accordance with the combined offense level for multiple counts, and sentences upon multiple counts will be consecutive so as to implement the term called for by the combined offense level. U.S.S.G. § 5G1.2, cmt. (Nov. 2000);[1] <u>United States v. Nelson</u>, 54 F.3d 1540, 1547 (10th Cir. 1995).

Ordinarily, sentences on multiple counts run concurrently.  5 Wayne R. LaFave, Jerold H. Israel, & Nancy J. King, <u>Criminal Procedure</u> § 26.3(f) (2d ed. 1999).  We have rejected the argument that mandatory application of § 5G1.2(d) is inconsistent with the statutory discretion provided a court to impose concurrent or consecutive sentences, relying upon our analysis in <u>United States v. Shewmaker</u>, 936 F.2d 1124, 1128 (10th Cir. 1991).  <u>United States v. Green</u>, No 01-6206, 42 Fed. Appx. 239, 244 n.7 (10th Cir. June

---

[1] The commentary to § 5G1.2 provides:

> This section specifies the procedure for determining the specific sentence to be formally imposed on each count in a multiple-count case. The combined length of the sentences ("total punishment") is determined by the adjusted combined offense level.  To the extent possible, the total punishment is to be imposed on each count.  Sentences on all counts run concurrently, except as required to achieve the total sentence, or as required by law.
> . . . .
> Usually, at least one of the counts will have a statutory maximum adequate to permit imposition of the total punishment as the sentence on that count.  The sentence on each of the other counts will then be set at the lesser of the total punishment and the applicable statutory maximum, and be made to run concurrently with all or part of the longest sentence.  If no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve the total punishment.

25, 2002) (unpublished).  In Shewmaker, we noted that § 3584(a) is a general provision and § 5G1.3 (requiring consecutive sentences in certain circumstances) is a specific provision that is lawfully promulgated, in part because the operative statutory provisions, 18 U.S.C. §§ 3553, 3584, and 28 U.S.C. § 994, were enacted as part of the Sentencing Reform Act of 1984 and a district court may still depart.  Shewmaker, 996 F.2d at 1127-28.

The guidelines promulgated by the Sentencing Commission must be consistent with Title 18.  28 U.S.C. § 994(b)(1).  Plainly, the Commission was empowered to promulgate guidelines including a determination of "whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively."  18 U.S.C. § 994(a)(1)(D).  Additionally, those guidelines were to establish incremental penalties for multiple offenses, but also reflect the inappropriateness of consecutive sentences for certain offenses.  28 U.S.C. § 994(l)(1), (2).  When sentences are run consecutively based upon an implicit determination that the maximum sentence on one count is insufficient punishment for the conduct related to that count, that undercuts the legislative prerogative to determine sentence length for that particular count.  No one would suggest that a district judge could impose a consecutive sentence, rather than a concurrent one, because he was of the view that the offense with the highest statutory maximum provided insufficient punishment for conduct related to that count, in other words, that the statutory penalty should have been greater.  But because this issue was not raised or developed in

-4-

this case, I concur in the panel order and judgment.