**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RALPH DOUGLAS GANN,

    Defendant - Appellant.

No. 05-7068
(D.C. Nos. 04-CV-106-P and
00-CR-21-P)
(E.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

Ralph Douglas Gann, an inmate appearing pro se, seeks to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. In order to merit a certificate of appealability ("COA"), Mr. Gann must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To make such a showing, he must demonstrate that reasonable jurists would find the district court's resolution of the constitutional issue contained in his motion debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because we determine that Mr. Gann has not made such a showing, we deny a COA and

dismiss the appeal.

A jury convicted Mr. Gann of maintaining a place for the purpose of manufacturing, distributing and using methamphetamine (Count III), 21 U.S.C. § 856(a)(1) & 18 U.S.C. § 2; and possession of a firearm by a person who has been convicted of a felony (Count X), 18 U.S.C. § 922(g)(1) & § 2. He was sentenced to the statutory maximum of 240 months on Count III, and 120 months on Count X, with the sentences running consecutively, with three years of supervised release on each count running concurrently thereafter. His conviction and sentence were affirmed on direct appeal. United States v. Gann, 58 Fed. Appx. 792 (10th Cir. 2003). The Supreme Court denied certiorari. Gann v. United States, 538 U.S. 954 (2003).

In his § 2255 motion, Mr. Gann claimed ineffective assistance of counsel based on a failure (1) to challenge the drug quantities contained in the presentence report ("PSR"), (2) to argue his lack of participation in the underlying controlled substance offense so as invoke a more lenient sentencing guideline, (3) to argue successfully that his sentences should not run consecutively, and (4) to object to the indictment and the jury instructions based on the indictment's specifying two different locations in Count III. Mr. Gann later supplemented his § 2255 motion contending that (5) his Sixth Amendment rights were violated given Blakely v. Washington, 542 U.S. 296 (2004).

In seeking a COA, Mr. Gann relies upon issues (1), (2) and (4). To prevail on an ineffective assistance claim, Mr. Gann must show deficient performance by counsel and prejudice from counsel's error or omission. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Concerning issue (1), Mr. Gann argues that counsel's ineffectiveness resulted in the district court failing to exclude waste water from the drug quantity calculation in accordance with U.S.S.G. § 2D1.1, n.1 (2000). The district court rejected this for lack of a factual predicate: the Pre-Sentence Report ("PSR") derived the quantity from methamphetamine in powder form and liquid methamphetamine. R. Doc. 10 at 6; see also R. Doc. 4 at 6. This claim is not reasonably debatable.

As for issue (2), although couched as an ineffective assistance claim, the district court's resolution is not reasonably debatable because this court rejected the idea that Mr. Gann was a non-participant that could not be held responsible for the drug quantities in the PSR. Gann, 58 Fed. Appx. at 799-800. Mr. Gann cannot demonstrate prejudice in an ineffectiveness claim because this court has rejected the substantive issue on the merits. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (ordinarily, matters rejected on direct appeal are not proper grounds for § 2255 relief).

Finally, Mr. Gann argues that counsel should have objected to the indictment on Count III and the jury instructions because the indictment charged

- 3 -

that he maintained a place for manufacturing, distributing or using methamphetamine in two locations. He contends that the two locations should have been in separate counts, and the jury instructions pertaining to Count III did not require specification of one or both locations, thereby depriving him of his Fifth Amendment rights and a unanimous verdict. R. Doc. 1 at 13. According to Mr. Gann, "[h]ad the jury been instructed that they must have a unanimous verdict on both places, it might have resulted in only the one where the firearm was not at, which would have resulted in an acquittal of Count 10." Aplt. Br. at 13.

An indictment is duplicitous if it charges two or more separate offenses in the same count. United States v. Haber, 251 F.3d 881, 888 (10th Cir. 2001). The proper way to challenge a duplicitous indictment is by a pretrial motion to elect. United States v. Henry, 504 F.2d 1335, 1338 (10th Cir. 1974). Alternatively, specific unanimity instructions may cure a duplicitous indictment. In plain error challenges, we have held that, absent a realistic possibility of confusion, a general unanimity instruction is adequate to tell the jury that it must be unanimous on underlying factual specifications. United States v. Phillips, 869 F.2d 1361, 1366-67 (10th Cir. 1988) (collecting cases).

The issue here is whether maintaining each location for a prohibited purpose constitutes separate offenses, or are merely different means of committing a single offense. See Richardson v. United States, 526 U.S. 813, 816

(1999); United States v. Weller, 238 F.3d 1215, 1219-20 (10th Cir. 2001). The law of the Tenth Circuit is clear: where two or more acts could be charged as separate counts but are part of the same scheme or course of conduct, they are not necessarily duplicitous and may be charged in one count. See United States v. Jaynes, 75 F.3d 1493, 1502-1503 (10th Cir. 1996); United States v. Browning, Inc., 572 F.2d 720, 725-26 (10th Cir. 1978). That seems to apply here: in describing the situation on direct appeal, we noted that this "was a 'family business[]' involving Doug Gann, Doss Gann and Irene Gann, and others, at both the Ridge Drive and Chicken Creek properties." Gann, 58 Fed. Appx. at 798. Though not determinative of the duplicity issue, we found ample evidence that Mr. Gann maintained both locations for the manufacture of methamphetamine (Count III). Id. at 796-99; United States v. Ramirez, 273 F.3d 903, 915 (9th Cir. 2001) (sufficiency does not cure duplicity).

Regardless of whether the duplicity issue is reasonably debatable, what is not reasonably debatable is that Mr. Gann cannot show prejudice. Mr. Gann claims he was prejudiced by counsel's failure to argue duplicity based upon the potential for an acquittal on the firearms count (Count X). Mr. Gann theorizes that had the jury been given a specific instruction on unanimity on Count III, the jury might have convicted based solely on the Ridge Drive location, and decided to acquit on Count X which involved the firearm found at the Chicken Creek

- 5 -

location.  This assumes a legal nexus between the two counts that is absent.  Moreover, ample evidence supported the conviction on Count X, including Mr. Gann's stipulation concerning the prior felony conviction, as well as his presence near the gun.  Gann, 58 Fed. Appx. at 798.  We do not think the prejudice prong on an ineffective assistance claim is reasonably debatable–in assessing prejudice, we must presume that a jury would act rationally and consider the evidence pertaining to each count.  See Strickland, 466 U.S. at 695.  Thus, Mr. Gann has not shown a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

Mr. Gann has filed a motion for leave to supplement his brief based on Dodd v. United States, 125 S. Ct. 2478 (2005).  That case held that the one-year limitation period of 28 U.S.C. § 2255, ¶ 6(3), runs from the date the Supreme Court recognizes a right and declares it retroactive, not the date on which a lower federal court applies the right retroactively.  Dodd, 125 S. Ct. at 2482.  This does not alter the conclusion that Blakely v. Washington and Booker v. United States, do not apply retroactively on collateral review.  United States v. Bellamy, 411 F.3d 1182, 1186-88 (10th Cir. 2005).  Thus, Mr. Gann's claim that he has until January 12, 2006, to preserve his Booker contentions is without merit because the Supreme Court has not declared Booker to be retroactive.

Accordingly, we DENY the application for COA and DISMISS the appeal.

The motion to supplement the brief is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge